### GRAND RIVER DITCH COMPANY v. RUANE.

Decided September 19, 1927.

Action for damages and injunction. Judgment for plaintiff.

*Modified and Affirmed.*

1. IRRIGATION—*Seepage—Damages.* In an action for damages caused by seepage, lack of ordinary care, and carelessness in the operation of defendant's ditch, held evidence of sufficient negligence to entitle plaintiff to damages.

2. EVIDENCE—*Exclusion.* A party may not complain of the proper exclusion of evidence as not cross-examination, where it was not directly offered in his own behalf.

3. INJUNCTION—*Decree.* A permanent injunction should be fully expressed in the decree.

4.    *Damages.* In an action for an injunction against damages by seepage, plaintiff is not entitled to an injunction against all damages, but only for seepage caused by negligent management of defendant's ditch.

5.    APPEAL AND ERROR—*Decree—Modification.* Where there was no objection below to a decree on a ground as to which it should be modified, it will not be reversed, but modified and affirmed on review.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. C. W. DARROW, Mrs. SADIE H. KORN, for plaintiff in error.

Mr. JOHN L. NOONAN, Mr. W. F. NOONAN, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

RUANE had judgment, on trial to the court, against the Grand River Ditch Company, for damages for injury to his crops by seepage. He also had an injunction against further operation of the defendant's ditch so as to damage plaintiff. Defendant brings error.

The principal point made for reversal is that the evidence is insufficient because no negligence was shown. The defendant offered no evidence. The defendant in error says that the evidence shows negligence and we think that is right. It shows a lack of ordinary care of the company's ditch and there is evidence of an occasional use thereof which there is evidence tending to show was careless and produced the seepage of plaintiff's land. We cannot say that this conduct was not negligent or that the evidence was insufficient to support the findings.

Defendant complains that the court excluded evidence on cross-examination as to the conduct of other ditch

companies in the respects which plaintiff claimed were negligent, but the court's ground for exclusion was that it was not cross-examination and the evidence was not directly offered by defendant in its own behalf.

The injunction is unexpressed in the decree, except to say that an injunction shall issue according to the prayer of the complaint. A permanent injunction should be fully expressed in the decree.

The prayer for injunction in the complaint is too broad. The plaintiff is not entitled to an injunction against all damages, but only against seepage by negligent management of the ditch. Cases somewhat analogous will be found in 32 C. J. 129, 130. The decree should be modified in this respect. There was no objection on this ground below, however, therefore we do not reverse, but affirm, the judgment so modified.

Modified and affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.